(41 Misc. Rep. 514.)

### CITY OF ROCHESTER v. PARKER.

(Supreme Court, Special Term, Monroe County.  October, 1903.)

1. CITY TAXES—SALE—RIGHTS OF PURCHASER.

The right of a purchaser at a city treasurer's sale in Rochester for city taxes to a lease of the premises is subject to any taxes or assessments that may be charged on the premises during the term, and therefore subject to the payment of all prior and subsequent taxes and assessments, and on foreclosure of the tax the lessee is entitled only to the surplus arising on the sale of the premises after prior and subsequent taxes and assessments are paid.

Action by the city of Rochester against William J. Parker to foreclose a lien for taxes.  Defendant, who bid in the premises at a sale in the year prior to the tax sought to be foreclosed, objected to that portion of the complaint which asked that the proceeds of the sale be first applied to the taxes due the city, and that only any surplus be applied on his tax lien.  Motion for judgment on the pleadings. Granted.

W. A. Sutherland, for plaintiff.

Everett O. Gibbs, for defendant.

NASH, J.  In opposition to the motion, authorities in other states are cited which hold that the sale of land for delinquent taxes of one year destroys the lien of all unpaid taxes of previous years; "that, when the state sells land in satisfaction of a tax judgment, it cannot turn around and defeat the purchaser's title by reselling the said land for taxes which were due and owing when the judgment was rendered, and might have been included in it, but that such a sale must be regarded as an abandonment of all back taxes."  This is a matter which is regulated by statute, and the rights of the parties are governed by the statute under which the tax is levied and payment enforced.  The charter of the city under which the taxes are here sought to be collected by foreclosure provides that the lease to which the defendant, Parker, may become entitled, shall not be executed and delivered to him until all city taxes and assessments upon the lands have been paid.  This makes all prior taxes and assessments paramount to the lease.  Under the charter the lessee takes the lease subject to any taxes or assessments that may be charged upon the premises during the term.  The right of the lessee is therefore subject to the payment of all prior and subsequent taxes and assessments, and upon foreclosure the lessee becomes entitled only to the surplus arising upon the sale of the premises after all prior and subsequent taxes and assessments are paid.  This is all that the city demands upon this foreclosure.

It is urged that inasmuch as the owner has two years after the sale in which to redeem, and also until the expiration of 30 days after

notice has been served upon him to redeem, and the defendant is entitled to one year after the 13th of December, 1902, in which to serve a notice to redeem, "he is not required to pay such taxes until he makes application to the mayor for a lease or conveyance of such lands." In other words, the city must wait until the defendant takes a lease before the city can proceed to enforce the payment of any prior tax or assessment upon the land. I am of the opinion that the statute will not bear that interpretation. The defendant, it is true, has until the time stated in which to perfect his title as lessee, but in the meantime his right is that of a mere lienor; with the right to a lease in case the owner does not redeem. He can pay the prior and subsequent taxes, and enforce payment thereof by the owner as a condition of his right to redeem. The right of the city to foreclose the equity of redemption is absolute, and upon such foreclosure the owner and all lienors, including the city having liens, stand in the same position, each relative to the other, as the owner of land and lienors upon the foreclosure of a mortgage. Motion granted, and judgment of foreclosure may be entered in accordance with the prayer of the complaint.

Motion granted.